UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID SCOTT,

        Plaintiff,

                                      Case No. 2:04-cv-29

v.                                     HON. RICHARD ALAN ENSLEN

GEORGE BABIK, et al.,

        Defendant(s).

_____/

## REPORT AND RECOMMENDATION

Plaintiff inmate David Scott filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Prison Counselor George Babik and Prison Guard George Bennett, both of whom were employed at the Chippewa Correctional Facility (URF) during the pertinent time period. In his complaint, plaintiff alleges that on May 18, 1999, while incarcerated at URF, he filed a grievance against defendant Babik for subjecting plaintiff to excessive and unwarranted shakedowns. On May 26, 1999, defendants Babik and Bennett confiscated plaintiff's word processor, computer disks, audiocassette tapes, and other property. This action was purportedly taken in order to determine ownership of said items. Plaintiff allegedly produced receipts, copies of administrative hearings, and other documentary evidence demonstrating that he was the lawful owner of the property. Nevertheless, the property was not returned to plaintiff. Plaintiff claims that defendant Babik was in possession of evidence of plaintiff's ownership prior to seizure of the items.

Plaintiff states that his computer disks contained an extensive motion for relief from judgment and brief challenging plaintiff's criminal conviction and sentence under M.C.R. 6.500, which plaintiff had prepared over the course of several months. Plaintiff did not have a hard copy

of this document. The computer disks also contained other legal work regarding planned civil rights actions, correspondence to attorneys, courts, government officials and the media, and a list of deadlines for managing plaintiff's litigation. Plaintiff claims that defendant Babik commented to plaintiff about specific information stored on his computer disks, signifying that he had been reading the contents of those disks. Defendants Babik and Bennett also made comments to plaintiff regarding being banned from filing grievances, as well as from filing actions in state court because of an order by Ingham County Circuit Court Judge Peter D. Hawk. Defendant Babik indicated that this was the result of "pissing people off in high places."

Plaintiff received an administrative hearing regarding this seizure on July 7, 1999, before defendant Babik, who upheld the seizure. When plaintiff objected to the hearing being conducted by defendant Babik, defendant Babik stated, "tell it to Judge Hawk." Plaintiff complained about the seizure of his property to various officials. By fax transmitted on September 21, 1999, Carol Koenig, the court appointed monitor for a prisoner class action, provided verification of the validity of plaintiff's receipt for the word processor. This verification was sent to Patricia Aranda, the Administrative Assistant for URF, but she did not acknowledge receiving this fax. Plaintiff contends that the deprivation of his word processor has had an adverse impact on his ability to access the courts since the date of the seizure. Plaintiff states that the defendants' conduct violated his rights under the First and Fourteenth Amendments, as well as under state law. Plaintiff seeks damages, as well as declaratory and injunctive relief.

Presently before the Court is defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to demonstrate exhaustion of administrative remedies. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v.*

*Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff has previously filed federal lawsuits regarding the confiscation of his word processor and personal property. As defendants acknowledge, plaintiff has previously sued defendant Babik and other prison officials regarding this incident in the Eastern District of Michigan. Plaintiff's complaint was dismissed. Plaintiff's denial of access to the courts claim and Fourth Amendment claim were dismissed for failure to state a claim. Plaintiff claims that he is reasserting these dismissed claims in this case by adding more facts. Plaintiff's due process claims and retaliation claims were dismissed without prejudice for failure to exhaust grievance remedies. The Sixth Circuit affirmed the dismissal of plaintiff's claims in *Scott v. Martin*, 03-2268 (6th Cir., Sept.

16, 2004) ex. A, docket # 43. In *Scott v. Lang*, 5:02-cv-177, currently pending in this court and set for trial in May 2006, plaintiff asserted a retaliation claim against numerous defendants, including defendant Babik, for events arising out of the confiscation of property and the issuance of a misconduct ticket that was issued against plaintiff after plaintiff sent a complaint to the Michigan State Police.

It appears that plaintiff is again asserting a retaliation claim and due process claim against defendant Babik. In this case, plaintiff also names defendant Bennett. Plaintiff has asserted that he exhausted his grievance issues on these claims. Defendants argue that the claims are still unexhausted. Defendants concede that plaintiff exhausted his grievance remedies against defendant Babik on his due process claim. However, defendants argue that plaintiff has not shown that he exhausted his grievance remedies against defendant Bennett or against defendant Babik for the retaliation issue that he has asserted in this complaint. Nevertheless, exhibits attached to plaintiff's complaint show that plaintiff requested a grievance form from the grievance coordinator to file against defendant Babik. In that request, plaintiff also mentioned defendant Bennett. The request does discuss retaliation as a potential claim. See exhibit 4 to plaintiff's complaint. Arguably, plaintiff made a request for grievance forms asserting claims of retaliation that was denied by the grievance coordinator. In the opinion of the undersigned, plaintiff exhausted his grievance remedies against defendant Babik and Bennett on his claims of retaliatory conduct.

Defendants argue that plaintiff's complaint should be dismissed for providing false information in his complaint regarding past litigation history. In the section of the form complaint plaintiff originally filed in the Eastern District of Michigan, plaintiff listed only three prior lawsuits regarding the conditions of his confinement. Defendants have asserted that plaintiff has filed 120 lawsuits. Plaintiff disagrees with that number, but concedes that he filed at least 19 lawsuits relating

- 4 -

to his imprisonment. Plaintiff also concedes that he filed several lawsuits not specifically related to his imprisonment. Most importantly, however, the two lawsuits that plaintiff had previously filed regarding this incident were not disclosed in the complaint. The fact that plaintiff failed to disclose two lawsuits that are relevant to this litigation is troubling. The one case from the Eastern District regarding dismissal of the same claims reasserted in this lawsuit and affirmed by the Sixth Circuit is highly relevant to this litigation. The dismissal of that case will likely bar plaintiff from asserting new factual claims or from asserting issues dismissed with prejudice in a new lawsuit. The other case that this court is aware of, involving a claim against defendant Babik, is also relevant to this proceeding.

The Ninth Circuit in *Albright v. Holden*, 1996 WL 593172 (9th Cir. 1996), affirmed the dismissal without prejudice of a prisoner's 42 U.S.C. § 1983 complaint because the prisoner failed to disclose his prior lawsuits in his complaint, and instead falsely stated that he had not filed any lawsuits during his imprisonment. The prisoner explained that he thought the question required disclosure of only lawsuits filed not involving his prison confinement. The court explained that the "district court properly rejected a less drastic monetary sanction as ineffective because [the plaintiff] was proceeding in forma pauperis, and ... failure to provide information about previous lawsuits interfered with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation." *Id.*

In this case, plaintiff's failure to disclose all of his previous litigation on the complaint form, especially the most relevant cases that likely will have an impact on this litigation, is not excusable. It is clear that plaintiff deliberately decided not to disclose the Eastern District case involving dismissal of these same claims. Accordingly, in the opinion of the undersigned, the court should dismiss plaintiff's complaint without prejudice for failing to disclose prior litigation history.

- 5 -

Therefore, it is recommended that defendants' motion to dismiss (docket #42) be granted and this case be dismissed without prejudice.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 15, 2005