UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID J. SCOTT,

        Plaintiff,

    v.

GEORGE BABIK
and GEORGE BENNETT,

        Defendants.

_____/

Case No. 2:04-CV-29

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff David J. Scott's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of December 15, 2005 ("Report"), which recommended a grant of Defendants George Babik and George Bennett's Motion to Dismiss. This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Plaintiff is currently incarcerated within the Michigan Department of Corrections ("MDOC") and is an experienced *pro se* litigator. According to Defendants, Plaintiff has filed 120 lawsuits against the MDOC.[1] Plaintiff has also been banned from filing institutional grievances within the MDOC or initiating lawsuits in state court due to previously submitting frivolous claims. Plaintiff has also been designated as a three-striker under the Prison Litigation Reform Act of 1995

_____

[1] Plaintiff disputes the number of lawsuits he has filed, but concedes he has filed at least 19 lawsuits relating to his confinement.

("PRLA").[2]  While incarcerated it appears Plaintiff has taken up the rather expensive hobby—given the requirements of the PLRA—of contesting and litigating every possible matter he can think of.

Plaintiff's present suit was originally brought in the United States District Court for the Eastern District of Michigan.  That court transferred Plaintiff's Complaint to this District based on Defendants' residence within this District.  Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Defendants retaliated against him for exercising his constitutional rights; denied him due process of law; denied him access to the courts; and converted his property.  In support of his Complaint, Plaintiff states that Defendants confiscated his word processor, computer disks, audio cassette tapes, and other property.  Plaintiff maintains these items contained materials essential to his legal affairs, of which he did not have a hard copy.

The Report recommended dismissing Plaintiff's Complaint because he failed to accurately indicate on his prisoner civil rights complaint form, required for prisoner cases brought under 42 U.S.C. § 1983, whether he had filed any other lawsuits in state or federal court relating to his imprisonment.[3]  Plaintiff indicated he had filed three lawsuits, all of which were dismissed.[4]

---

[2] Under 28 U.S.C. § 1915(g), an inmate may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Those prior actions are commonly referenced as "three strikes."  After an inmate receives his third strike, he cannot proceed *in forma pauperis*, but must instead pay the full filing fee.  *Id.*

[3] The Court is referring to the complaint form used in the Eastern District of Michigan where Plaintiff originally filed this action.  This District employs a similar form.

[4] Plaintiff listed these cases as *Scott v. Rumsey*, No. 91-CV-138 (W.D. Mich.); *Scott v. Johnson*, No. 95-CV-403 (W.D. Mich.); and *Scott v. Hinton*, No. 97-CV-7290 (E.D. Mich.).

Conspicuously absent from Plaintiff's mandatory disclosure was any mention of a prior lawsuit against Defendants, wherein he asserted essentially the same claims on the same facts. This case was docketed in the Eastern District of Michigan as *Scott v. Martin*, 2:02-CV-723 ("*Martin*"). In *Martin*, the Eastern District dismissed Plaintiff's case, finding that he had failed to state a claim and failed to exhaust his administrative remedies. This decision was affirmed on appeal to the Sixth Circuit Court of Appeals at *Scott v. Martin*, 112 Fed. Appx. 409 (6th Cir. 2004). Another relevant action filed in the Eastern District by Plaintiff premised upon the facts in Plaintiff's current Complaint listed Defendant Babik as one of the defendants. *See Scott v. Lang*, 2:02-CV-74506 ("*Lang*").

In support of dismissal, the Report relied on *Albright v. Holden*, 99 F.3d 1145, 1996 WL 593172 (9th Cir. 1996) (unpublished table decision). In *Albright*, the court found that dismissal of a prisoner-plaintiff complaint for failing to disclose prior lawsuits was not an abuse of discretion. *Id.* The court indicated that the prisoner-plaintiff's "failure to provide information about previous lawsuits interfered with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation." *Id.* In light of Plaintiff's failure to include *Martin* and *Lang* in his complaint form, the Report recommended dismissal. Plaintiff objects.

Plaintiff's Objections dispute the propriety of the Report's recommendation as an unmeasured response and grossly unfair. Basically, Plaintiff has tried to soften the effect of his failings as technical in nature and argues that his omissions were *de minimis*. The Court disagrees. As the Report correctly observed, the prejudicial dismissal of issues in *Martin* will likely control this case. When asked in his section 1983 complaint form whether he had filed any other lawsuits arising from his imprisonment, *Martin* and *Lang* (which both mirror the factual predicate of the

instant Complaint) should have immediately leapt to the front of his mind.  The Court cannot say Plaintiff's failure to disclose these cases was an oversight.  Rather, Plaintiff's omission of *Martin* and *Lang* was a deliberate and affirmative fraud on the Court.  Plaintiff's contentions suggesting otherwise are unsupported by the record.

Plaintiff also contends that nothing requires a prisoner-plaintiff to list previous lawsuits when filing a complaint.  The Court, again, disagrees.  In addition to *Albright*, several other courts have dismissed a prisoner-plaintiff's complaint when failing to accurately apprise the court of other litigation.  *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998); *Runyon v. Pub. Def. Off. of Richmond County*, No. CV 105-120, 2005 WL 2397811 (S.D. Ga. Aug. 30, 2005); *Krueger v. Lehrer*, No. 1:04-CV-058-C, 2004 WL 743924 (N.D. Tex. Apr. 6, 2004); *Jones v. Warden of Stateville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995); *Johnson v. Currie*, No. 87 C 5419, 1987 WL 20401 (N.D. Ill. Nov. 19, 1987); *Hill v. Estelle*, 423 F. Supp. 690, 695 (D.C. Tex. 1976).

Therefore, due to Plaintiff's failure to list his previous litigation—especially because that litigation may be potentially dispositive to the case at bar—the Court finds that dismissing Plaintiff's Complaint without prejudice is a measured response to the fraud he perpetrated on the Court. Plaintiff's Objections are denied and a Judgment consistent with Opinion shall issue.

Finally, for these reasons and because this action was filed *in forma pauperis*, this Court must certify pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).


Dated in Kalamazoo, MI:                     /s/Richard Alan Enslen
February 17, 2006                       Richard Alan Enslen
                                       Senior United States District Judge

-4-